## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| GOMBA MUSIC INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>CLARENCE AVANT, and INTERIOR MUSIC, CORP., a California Corporation.<br><br>      Defendants. | Civil Action No.<br><br>Honorable:<br><br>Magistrate:<br><br>**Demand for Jury Trial** |

## COMPLAINT

Plaintiff, Gomba Music Inc. (hereinafter referred to as "Gomba" or "Plaintiff") by and through its attorneys, for its Complaint against the Defendants, Clarence Avant and Interior Music, Corp., ("Defendants") alleges as follows:

## PARTIES

1.      Plaintiff Gomba Music Inc. is a corporation incorporated under the laws of the state of Michigan with its principal place of business located at 15100 W. Ten Mile Road, #432, Oak Park, Michigan 48237, in Oakland County.

2.      Defendant Clarence Avant ("Avant") is a citizen of California, who may be served with process at 1140 Maytor Place, Beverly Hills, CA 90210-2605.

{H0130430.1}

3.     Defendant Interior Music, Corp., ("Interior") is a California Corporation with its principal place of business in Los Angeles, California. Interior may be served with process via Malcolm Orland, at 8383 Wilshire Blvd #345, Beverly Hills, CA 90211.

## JURISDICTION AND VENUE

4.     This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).  The Court also has jurisdiction over the supplemental state law claims asserted in this action pursuant to 28 U.S.C. §§ 1332 and 1367.

5.     This Court has personal jurisdiction over each of the Defendants on the grounds that: (a) the contracts involved herein were entered into in Michigan and the wrongful action alleged herein took place in Michigan; and (b) Defendants regularly solicit and transact business in Michigan; and (c) Defendants have committed tortious acts within the State of Michigan which caused foreseeable injuries to Plaintiff, a corporation duly organized under the laws of Michigan and located in Michigan.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to Plaintiff's claims occurred in this District.

{H0130430.1}                                              2

## GENERAL ALLEGATIONS

7.     On or about July 25, 1966, Sixto Rodriguez entered into an exclusive writer agreement with Gomba Music, Inc., a Michigan corporation solely owned and controlled by Harry Balk (the "Gomba songwriter agreement," attached hereto as Exhibit A).   Rodriguez was employed by Gomba to write and compose musical compositions exclusively for Gomba during a five year period expiring July 25, 1971.   The Gomba songwriter agreement provided that all musical compositions written during the term were owned and controlled by Gomba, including the worldwide copyrights therein.

8.     In or about 1969, Clarence Avant wanted to enter into a series of contracts with Sixto Rodriguez, including a recording and exclusive songwriter agreement.   Upon learning that Sixto Rodriguez was signed to Gomba, however, and unable to contractually enter into a songwriter agreement with Avant, and after consulting his attorneys, Avant concocted a scheme to fraudulently conceal the writing of compositions by Sixto Rodriguez.   Under this fraudulent scheme, compositions written by Rodriguez would falsely, fraudulently, and wrongly be credited and attributed to other individuals with whom Gomba had no agreements. In and about February 1970, Avant, through his corporation Interior Music, Corp., thus entered into a series of individual song contracts with, among others, Jesus Rodriguez, purportedly Sixto Rodriguez's brother, covering the compositions

actually written and composed by Sixto Rodriguez and contained on Sixto Rodriguez's album, released commercially in the United States on Avant's record label, Venture Records, in March 1970. The album is entitled *Cold Fact*.

9.  Gomba has filed with the Register of Copyrights, and has received a certificate of registration for the compositions contained in the album *Cold Fact*.

10.  Pursuant to the Gomba songwriter agreement, the compositions contained on *Cold Fact*, and the copyrights therein, belonged to Gomba. Avant knew that to be the case, but wrongfully interfered with the Gomba songwriter agreement by falsely and fraudulently crediting the compositions as being written by fictitious composers other than Sixto Rodriguez.

11.  Avant specifically represented that the compositions on *Cold Fact* were not written by Sixto Rodriguez, but were in fact written by others, and the credits so confirmed. Gomba reasonably relied on these false and fraudulent representations to its enormous detriment.

12.  *Cold Fact* was a commercial failure in the United States. However, unbeknownst to Sixto Rodriguez, and as chronicled in the Academy Award winning documentary, *Searching for Sugarman*, released theatrically in the United States in July 2012, copies of *Cold Fact* arrived in South Africa and not only became enormously popular, but an anthemic backdrop to anti-apartheid awakening, selling in excess of an estimated 500,000 copies. Upon information

{H0130430.1}                                      4

and belief, Avant benefitted from the sales of those recordings, and compositions, but never disclosed to Sixto Rodriguez the enormous popularity of his music. Unaware of any level of success of *Cold Fact*, much less the iconic nature of the album, or the fact that his music became the anthem for anti-apartheid, or that he became on the level of The Rolling Stones in terms of mass popularity in South Africa, Rodriguez gave up music, believing he was a failure, and worked his life as a laborer in Detroit, Michigan.  Balk, now in his 80's, was likewise unaware of any of the foregoing and would have had no reason to be aware.  He did not become aware of the fraud perpetrated on him and his company, Gomba Music, Inc., until sometime after the release of *Searching for Sugarman*.

13. The story of Sixto Rodriguez was told to the world for the first time in the documentary *Searching for Sugarman*.

14. The compositions included on *Cold Fact* continue to be sold, distributed, and purportedly licensed to this day without, in fact, right or license and without approval from the true copyright owner of those compositions: Gomba.  Defendants have not provided any compensation to Gomba for their wrongdoing and in fact have no ownership interests in the *Cold Fact* copyrights. Defendants continue to authorize the unlawful reproduction, public performance, transmission, and distribution of those compositions without right.

15.     Defendants willful encouraging, inducing, facilitating, licensing and enabling of the unauthorized use and exploitation of these compositions constitutes copyright infringement and contributory infringement pursuant to 17 U.S.C. § 501, entitling Gomba to actual or statutory damages under the Copyright Act, including any and all profits attributable thereto.   Due to the fraudulent concealment of Defendants, and the fact that Gomba did not know, and should not have known of the wrongdoing, and commenced this action within two years of so learning, Gomba is entitled to damages dating back to the beginning of the wrongdoing.

16.     On or about May 8, 2013, Balk, on behalf of Gomba, alerted Defendants to his knowledge of the wrongdoing and a demand that Defendants cease and desist their wrongdoing.   While settlement discussions were begun, they dragged on unreasonably, and, upon information and belief, did so because Defendants hoped to cause any applicable statute of limitations to run.

## COUNT I
## COPYRIGHT INFRINGEMENT

17.     Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

18.     Defendants' unauthorized reproduction, licensing, distribution, public performance, transmission, and exploitation of the *Cold Fact* compositions, and/or

authorizing of the foregoing, infringes Plaintiff's exclusive rights in those compositions in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

19.     Defendants' conduct has at all times been knowing and willful.

20.     Defendants' infringements of Plaintiff's rights each constitute a separate and distinct act of infringement, separately actionable under the Copyright Act, 17 U.S.C. § 106.

21.     As a proximate cause of Defendants' wrongful conduct, Plaintiff has been irreparably harmed.

22.     Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to the maximum statutory damages. Alternatively, at Plaintiff's election and pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to his actual damages, including Defendants' profits attributable to the infringement, as will be proven at trial.

23.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

24.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's copyrighted work and exclusive rights under the Copyright Act.

## COUNT II
## DECLARATORY RELIEF

25.     Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

26.     Pursuant to 28 U.S.C. § 101 et seq., this Court may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is, or could be, sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

27.     Plaintiff seeks a declaratory judgment that Plaintiff is the owner of the *Cold Fact* compositions and that Plaintiff is the party with exclusive rights to all such works.

28.     Plaintiff further seeks a declaration that, pursuant to the Gomba songwriter agreement, Defendants, without authorization, reproduced, licensed, distributed, publically performed, transmitted, and exploited the *Cold Fact* compositions, and/or authorized the foregoing, and such conduct infringes Plaintiff's exclusive rights in those compositions in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

## COUNT III
## FRAUDULENT CONCEALMENT/TORTIOUS INTERFERENCE WITH CONTRACT AND FRAUD

29.    Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

30.    Defendants employed an artifice, which was designed to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action.  The acts perpetrated by defendants were relied on by Gomba, and were affirmative and fraudulent.   These affirmative acts and misrepresentations were designed to prevent subsequent discovery.

31.    As discussed fully above, Avant and his corporation, Interior, with knowledge of the fact that Gomba signed Sixto Rodriguez, and Gomba owned all musical composition copyrights written by Sixto Rodriguez, entered into purported agreements with fictitious individuals and fraudulently credited songs appearing on Sixto Rodriguez's album as being written by Jesus Rodriguez and fictitious third parties, when in fact they were written by Sixto Rodriguez, and thus belonged to Gomba.  Avant also falsely, fraudulently, and affirmatively represented that these third parties wrote the compositions when they did not.

32.    Gomba reasonably relied on these false representations to its detriment.  Gomba did not learn of these facts, and reasonably should not have

learned of these facts, until sometime after the release of *Searching for Sugarman* in July 2012.

33.     The activities of Avant and Interior constitute fraudulent concealment and toll the statute of limitations.

34.     The activities of Avant and Interior constitute tortious interference with contract as the Gomba songwriter agreement was a valid contract. Avant tricked Rodriguez into breaching that contract by the misrepresentation that Venture Records could not legally release the recordings unless they were controlled by Interior. Upon specific advice and direction to Rodriguez, Avant and Interior unjustifiably instigated the breach of that contract with knowledge of its existence, and Gomba has been severely damaged as a result.

35.     In addition, the activities of Avant and Interior constitute fraud, as Avant and Interior made affirmative misrepresentations that the songs on the Rodriguez album were written by third parties other than Sixto Rodriguez, when they knew that was untrue.  Gomba relied on those misrepresentations reasonably and has been damaged.

36.     In addition to compensatory damages in an amount to be determined, Gomba is entitled to punitive damages due to the fact that the conduct of Defendants was intentional, and malicious, and with wanton disregard of the rights of Gomba.

## DEMAND FOR JURY TRIAL

37.     Gomba demands a trial by jury on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     A declaration that Defendants have willfully infringed Plaintiff's copyrighted works in violation of the Copyright Act;

2.     A permanent injunction requiring Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or anyone of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of Plaintiff's rights protected by the Copyright Act;

3.     For statutory damages pursuant to 17 U.S.C. § 504(c), or in such other amounts as may be determined at trial, or, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff's actual damages, including Defendants' profits attributable to the infringement, as will be proven at trial;

4.     Awarding Plaintiff its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505;

5.     Awarding Plaintiff compensatory and punitive damages on all state law claims asserted herein;

6.     For pre-judgment interest according to law, as applicable;

7.     Awarding Plaintiff trial by jury on all issues triable by a jury; and

8.     Such other and further relief as the Court deems just and proper.

Date:  May 2, 2014                              Respectfully submitted,


                                               /s/ Richard S. Busch
                                               Richard S. Busch
                                               KING & BALLOW
                                               315 Union Street, Suite 1100
                                               Nashville, TN 37201
                                               (615) 259-3456
                                               rbusch@kingballow.com


                                               /s/ Howard Hertz
                                               Howard Hertz (P26653)
                                               HERTZ SCHRAM PC
                                               *Attorneys for Plaintiffs*
                                               1760 South Telegraph Road, #300
                                               Bloomfield Hills, MI 48302
                                               (248) 335-5000
                                               hhertz@hertzschram.com