EXCLUSIVE WRITER AGREEMENT

AGREEMENT made this 25th day of JULY, 1966, between Sixto Rodriguez, 558 W. Grand Blvd., Detroit, Mich. (hereinafter referred to as the "Writer") and GOMBA MUSIC INC., 17111 THIRD AVE., DETROIT, MICH. 48203 (hereinafter referred to as the "Publisher"),

In consideration of the sum of ONE ($1.00) DOLLAR and other good and valuable considerations, receipt whereof is hereby acknowledged, and of the premises, it is agreed:

FIRST: The Publisher hereby employs the Writer, and the Writer undertakes and agrees to render his exclusive services in the writing and composing of original musical compositions, numbers and works to the Publisher, both alone and in collaboration with others, as designated, directed, selected and required by the Publisher.

SECOND: It is understood and agreed, that as the product of all such services under this agreement, is to be made and created by the Writer for the Publisher for hire, all such product made and created by the Writer, alone or in collaboration with others, shall be the sole property of the Publisher, everywhere and forever, with all copyrights therein and all renewals and extensions thereof, throughout the world, with the sole and exclusive right to the Publisher of publication, sale, use and disposition and of copyright, renewal and extension thereof, as the sole owner and proprietor thereof throughout the world, together with any and all rights in and to the same now or hereafter known and any and all benefits, revenue, moneys and income accruing therefrom.

THIRD: During the term of this agreement the Writer shall not write or compose, or furnish or dispose of, any musical compositions, numbers, works or material, or any rights or interests therein whatsoever, other than for and to the Publisher.

FOURTH: The Publisher shall have the right to use the name, photographs, simulations and likenesses of the Writer in publicizing, advertising, exploiting, distributing and selling the product of all such services of the Writer under this agreement.

FIFTH: The Writer shall not be entitled to receive any compensation or remuneration other than as in this agreement specifically provided, and the Publisher or its assigns or licensees shall not be obligated to anyone in respect to any product of any services of the Writer under this agreement other than the compensation to be paid by the Publisher to the Writer as in this agreement specifically provided.

SIXTH: It shall be optional with the Publisher as to which of such musical compositions, numbers, and works shall be published. Subject to the Writer carrying out and performing all of the terms, covenants and conditions of this agreement on his part, the Publisher shall pay or cause to be paid to the Writer for the services to be rendered by the Writer under this agreement and for the rights acquired and to be acquired thereunder, the following compensation based on musical compositions, numbers and works written in their entirety solely by the Writer which are published and/or exploited by the Publisher:

(a) Four (4¢) cents for each pianoforte copy, sold by the Publisher, paid for and not returned in the United States and Canada;

(b) Five (5¢) cents for each copy sold and paid for in the United States and Canada, or for export from the United States, of orchestrations, band arrangements, octavos, quartets, arrangements for combinations of voices and/or instruments, and/or other copies of the composition other than regular piano copies;

(c) Fifty (50%) percent of all gross receipts of the Publisher in respect of any licenses authorizing the manufacture of parts of instruments serving to mechanically reproduce the composition, or to use the composition in synchronization with sound motion pictures, or to reproduce it upon electrical transcription for broadcasting purposes;

(d) Fifty (50%) percent of all net sums received by the Publisher in respect to foreign royalties on account of said musical compositions.

It is specifically understood and agreed, however, that as to all musical compositions, numbers and works that are written or composed by the Writer, together with one or more other writers, as published at any time or times in final form, all such compensation hereinbefore in this paragraph specified shall be equally divided between the writer and all such other writers, composers and arrangers thereof, and an equal share shall be paid by the Publisher to each.

SEVENTH: During such periods as moneys shall accrue to the Writer under this agreement, the Publisher shall render, or cause to be rendered, royalty statements, accompanied by remittances of the amount due, within forty five days after June 30th, covering the six months after December 31st and within forty five days after December 31st covering the six months after June 30th.

EIGHTH: The Writer warrants and represents, and undertakes and agrees: That the product of all such services of the Writer, and each and every part thereof, will be original and will not infringe upon any other musical material, and that the Writer will hold the Publisher and all other parties in interest harmless by reason of any and all claims in respect thereof, and any and all obligations incurred by the Publisher and all other parties in interest and any and all disbursements and expenditures of every nature whatsoever made by the Publisher and all other parties in interest in settling, paying and defending any and all such claims and any and all litigation arising therefrom. The Publisher and all other parties in interest shall have the right, in its and their discretion, to employ counsel in respect of any and all such claims, and to defend any and all actions and proceedings instituted upon the same, and to settle the same before or after suit, for such amounts and upon such terms as the Publisher and all other parties in interest shall in its and their sole discretion deem advisable.

NINTH: The Writer further warrants and represents that he has the full right, power and authority to enter into this agreement and vest in the Publisher all of the rights in this agreement provided, free and clear of any and all claims, rights and obligations whatsoever.

TENTH: It is specifically understood and agreed that the services of the Writer to be rendered under this agreement in writing and composing are unique, exceptional and extraordinary and cannot be replaced, and that in the event of the violation by the Writer of any of the terms, covenants or conditions of this agreement, the Publisher and all other parties in interest shall be entitled to injunctive relief in addition to all other rights and remedies. It is further specifically understood and agreed that this agreement is for the personal services of the Writer, and that the obligations of the Writer hereunder shall not in any event be dischargeable in any bankruptcy or insolvency proceedings or in any wise affected thereby.

ELEVENTH: The Publisher shall have the right to transfer and assign this agreement and any and all rights thereunder.

TWELFTH: The waiver by the Publisher, or by any such other party in interest through the Publisher, of any of the terms or provisions of this agreement in any one or more instances, shall not thereafter be deemed a waiver thereof, the same to thereafter remain and continue in full force and effect.

THIRTEENTH: The Writer agrees to execute and deliver to the Publisher upon demand any and all instruments, papers and documents that may be requested by the Publisher for the purpose of confirming, protecting, projecting and exercising any rights granted to the Publisher hereunder. In the event of the failure or refusal of the Writer to execute and deliver any of the same upon demand the Writer hereby authorizes and empowers the Publisher as his attorney-in-fact, in his name to execute and deliver the same; this power being coupled with an interest and irrevocable.

FOURTEENTH: This agreement shall be construed and governed under and by the laws of the State of MICHIGAN ~~New York~~ irrespective of the place of execution or performance thereof.

FIFTEENTH: The term of this agreement shall for a period of Five (5) year(s) to commence JULY 25, 1966 and to end on JULY 25, 1971

SIXTEENTH: The Writer hereby grants to the Publisher ~~severable options to extend the term of this agreement for ~~ separate and severable one-year periods, provided nevertheless, that such options shall be exercisable only for the ~~ successive one-year periods immediately following the date of termination of this agreement. Such options shall be exercisable by the Publisher at its sole discretion and shall be exercisable by written notice from the Publisher to the Writer. Said notice may be delivered ~~from the Publisher to the Writer either personally or by ordinary or registered mail addressed to~~ the Writer at the address set forth above. The notice shall be deemed effective as of the date of mailing or delivery thereof. The terms and conditions during each of such separate and severable one-year option periods shall be the same as those set forth above.

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above written.

Witness:  /s/ Viola Carter

Witness: _____

Writer: X /s/ Sixto Rodriguez (L.S.)
Address: 559 W. Grand Blvd., Detroit, Mich.
Publisher: GOMBA MUSIC
By: _____ (Pres)
Address: 17111 THIRD AVE., DETROIT, MICH. 48203

Form M-17