**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GOMBA MUSIC INC.,   and
HARRY BALK,                              Case No. 14-cv-11767

        Plaintiffs,              District Judge Hon. Laurie J. Michelson

v.                                        Magistrate Judge R. Steven Whalen

CLARENCE AVANT
and INTERIOR MUSIC CORP.,

        Defendants/Third-Party
        Plaintiffs.

_____/

INTERIOR MUSIC CORP.,

        Third-Party Plaintiff,

v.

SIXTO RODRIGUEZ,

        Third-Party Defendant.

_____/

**<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Defendants/Third-Party Plaintiffs Clarence Avant ("Avant") and Interior Music Corp. ("Interior," and together with Avant, "Defendants"), by their undersigned counsel, move pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing with prejudice the Amended Complaint filed by Plaintiffs Gomba Music Inc., a company incorporated on June 25, 2014 ("New Gomba"), and Harry Balk ("Balk," and together with New Gomba, "Plaintiffs"), for failure to state a claim upon which relief can be granted.  In support of the motion, Defendants state the following:

1.     After the original Complaint failed to state a viable claim for relief, New Gomba, now joined by its alleged principal Balk, has filed a somewhat revised Amended Complaint that not only fails to cure the fatal defects of the previous iteration, but confirms those defects and adds new ones.  Plaintiffs assert some new and different claims and facts, but have only dug themselves a deeper hole, as it is now even clearer that they do not have a valid claim against Defendants.   As before, Plaintiffs have failed to state a claim on which relief can be granted.  Their Amended Complaint should, therefore, be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

2.     It is also now clear that the filing of the original Complaint included an attempt to commit a fraud on this Court.  This lawsuit focuses on rights in the musical compositions on an album by the artist Sixto Rodriguez entitled *Cold Fact*. The Original Complaint, brought on behalf of an apparently no longer existing

Gomba Music Inc. ("Old Gomba"), claimed ownership of the copyrights in these compositions and alleged in no uncertain terms that the Plaintiff had obtained a copyright registration from the U.S. Copyright office for all of the compositions on *Cold Fact*: "Gomba has filed with the Register of Copyrights, ***and has received a certificate of registration*** for the compositions contained in the album Cold Fact." [Complaint, Dkt. No. 1, ¶ 9 (emphasis added).]  Old Gomba, however, failed to attach the purported registration certificate to the Complaint, or even identify the registration number and date of issuance.  Because Defendants' investigation was unable to find any registration for the compositions in the name of Gomba, Defendants challenged the veracity of this allegation in their first motion to dismiss under Rule 12(b)(6).

3.     In the Amended Complaint, Plaintiffs have expressly admitted their prior misrepresentation regarding the issuance of this non-existent registration. Plaintiffs confess, in direct contradiction to the allegation made in the first Complaint, that "[c]opyright applications have been filed but ***registrations have not yet been issued***."  *See* Dkt. No. 15, Amended Complaint ¶ 13 (emphasis added). (Plaintiffs, however, have once again failed to attach a copy of the application(s) or provide any information regarding the alleged application(s)).  Plaintiffs have thus been forced to withdraw their previously asserted copyright infringement claim.

4.     While the issue of New Gomba or Old Gomba's failure to obtain a

registration has been flushed out and confirmed, the Amended Complaint raises new questions regarding Plaintiffs' deceptiveness.  An entity identified as "Gomba Music Inc." -- alleged to be a "corporation incorporated under the laws of the State of Michigan…", Dkt. No. 1, ¶ 1 -- filed the original Complaint on May 2, 2014, claiming rights in the *Cold Fact* compositions under an agreement entered into with Sixto Rodriguez on July 25, 1966 (the "Rodriguez Agreement").  Despite diligent inquiry, Defendants could find no record of any Michigan corporation active on May 2, 2014 called "Gomba Music Inc."  It is now apparent that the reason Defendants could find no record of this purported entity is because it did not exist as of that date.

5.      Information publicly available through the State of Michigan's website demonstrates that there is now one active Michigan corporation bearing the name "Gomba Music, Inc.," and that this entity was incorporated on ***June 25, 2014*** by Plaintiffs' counsel of record in this action – nearly two months after the lawsuit was filed and only two days before Plaintiffs filed their Amended Complaint.  **Exhibit 1**, Articles of Incorporation for Gomba Music, Inc .  Whatever became of the Old Gomba that allegedly entered into the agreement with Rodriguez 48 years ago?  Its corporate existence apparently ceased long ago, as Plaintiffs felt compelled to form a new entity with the same name and identify that entity as the Plaintiff in order to pursue the claims alleged in the Amended Complaint.  Plaintiffs chose not to reveal this to the Court or Defendants.

6.     The newly formed "Gomba Music, Inc." identified as the Plaintiff in this matter, and which is the only extant Gomba, cannot be the Gomba that entered into the agreement with Rodriguez 48 years ago, and there are no facts alleged demonstrating that New Gomba has any rights in the Rodriguez Agreement.  Without any demonstrable rights in the Rodriguez Agreement, New Gomba has no basis to pursue any of the claims alleged in the Amended Complaint, as they are all predicated on the Rodriguez Agreement to which Old Gomba was allegedly a party.

7.     On a motion to dismiss under Rule 12(b)(6), a court is required to accept as true all well pleaded factual allegations.  As cited in the accompanying brief, however, a court is not required to turn a blind eye to obvious contradictions and inconsistencies between the allegations of the Complaint and the public record, let alone that a newly formed entity is a party to a 48-year old contract.  The New Gomba Articles of Incorporation, taken together with the allegations of and materials attached to the Amended Complaint, demonstrate that New Gomba – the only existing "Gomba Music" entity – was not a party to and could not have been a party to the 48-year old Rodriguez Agreement.  There is nothing alleged in the Amended Complaint showing that New Gomba has any rights in the Rodriguez Agreement; and without rights in the Rodriguez Agreement, New Gomba cannot pursue any of the claims alleged in the Amended Complaint.  Accordingly, the Amended Complaint should be dismissed in its entirety as to New Gomba pursuant to Fed. R. Civ. P.

12(b)(6).

8.     Plaintiffs have also added Balk as a co-plaintiff, but likewise fail to state an actionable claim on his behalf.   He is alleged to be the sole owner and in control of "Gomba," but he was not a party to the Rodriguez Agreement and thus has no individual right to enforce its terms.  Further, Michigan law is well-settled that, absent an independent duty owed to him, a corporate officer or shareholder lacks the capacity to bring suit individually to redress alleged wrongs suffered by the corporation.  Thus, Balk cannot sue individually to redress any wrong done to Old Gomba or New Gomba; and the Amended Complaint contains no allegations demonstrating that Balk sustained a cognizable injury based on any duty owed to him individually that would permit him to seek enforcement of any alleged rights under the Rodriguez Agreement.  Therefore, Balk has no basis for pursuing any of the claims alleged in the Amended Complaint.  Accordingly, the Amended Complaint should be dismissed as to Balk as well, pursuant to Rule 12(b)(6).

9.     The Court's analysis could end there, but there are additional grounds for dismissal of each of the claims alleged in the Amended Complaint.  In Count I, Plaintiffs allege "Fraud on the Copyright Office," claiming that Defendants registered certain *Cold Fact* compositions with the Copyright Office and submitted false information in doing so. While Defendants dispute these allegations, this claim fails as a matter of law because it is well established in the case law that there is no private

right of action for fraud on the Copyright Office. This form of fraud can be raised as an affirmative defense to a claim of copyright infringement, but cannot be brought as an affirmative claim, as Gomba attempts to do here. Defendants have, to this point, not alleged a claim of copyright infringement, or any other claim for that matter, against Plaintiffs. Accordingly, there is no basis for Plaintiffs to assert fraud on the Copyright Office, either as an affirmative claim or even as an affirmative defense. For this reason, Count I fails to state a claim on which relief can be granted as a matter of law and should therefore be dismissed.

10.    Counts II and III of the Amended Complaint mirror the claims alleged in Counts II and III of the original Complaint. Count II is a claim for declaratory relief, by which Plaintiffs seek a declaration of ownership of all of the *Cold Fact* compositions, except for the song "Forget It," which was the subject of a registration by Old Gomba in 1967. Count III is a hodge-podge, three-in-one claim for "Fraudulent Concealment/Tortious Interference With Contract and Fraud," similar to Count III alleged in the original Complaint. Plaintiffs assert fraudulent concealment in the Amended Complaint in an attempt to avoid dismissal of the underlying fraud and tortious interference claims under the applicable statutes of limitation.

11.    Defendants argued in the first 12(b)(6) motion that the 1970 release of the *Cold Fact* record was sufficient to put Old Gomba on notice of the alleged fraudulent and tortious conduct of Defendants and, therefore, that the statutes of

6

limitation on Gomba's substantive claims expired decades ago.  Plaintiffs themselves, now admit that Old Gomba and Balk were aware of *Cold Fact*, along with the information included on the record's label, at the time of its release in 1970.  Plaintiffs also admit that, despite knowledge of the *Cold Fact* release, Old Gomba and Balk did absolutely nothing to investigate whether Old Gomba's alleged rights under the Rodriguez Agreement had been violated.

12.     While these admissions by Plaintiffs alone compel the dismissal of Counts II and III as time-barred under the applicable statutes of limitation, there is more.  Plaintiffs allege that they were deceived because the credits for some of the *Cold Fact* songs listed the songwriter as "Jesus Rodriguez" rather than Sixto Rodriguez.  While that put them on inquiry notice, they omit that *Cold Fact* included as a "Jesus Rodriguez" song the composition "Forget It," which Old Gomba itself registered for copyright less than three years earlier, identifying the author as Sixto Rodriguez.  Thus, the very credits Plaintiffs allege Balk reviewed in 1970 showed that "Jesus Rodriguez" was credited on a composition Old Gomba and Balk knew had been written by Sixto Rodriguez, which clearly put them on notice of a potential claim.

13.     Under Michigan's fraudulent concealment statute, MCL § 600.8555, which applies to both Count II and Count III, Plaintiffs had two years from the date they either knew or should have known of the existence of their fraud and tortious

interference claims to assert those claims in a lawsuit.  Here, Plaintiffs clearly knew or should have known of the existence of their purported claims well over 40 years ago and failed to take action at that time.  Having sat on their alleged rights for nearly 45 years, Plaintiffs are barred from pursuing the claims based on the applicable statutes of limitation.

14.     Pursuant to LR 7.1(a), on July 11, 2014, Defendants' counsel sought concurrence in the relief sought herein from Plaintiffs' counsel, explaining the nature of the motion and its legal bases, but Plaintiffs' counsel stated that they would not concur.

WHEREFORE, Defendants respectfully request that the Court GRANT this motion and dismiss with prejudice Plaintiffs' Amended Complaint for failure to state a claim on which relief can be granted.

Date:  July 11, 2014                         Respectfully submitted,

                                   By:     /s/ Peter M. Falkenstein
                                           Peter M. Falkenstein (P61375)
                                           David S. McDaniel (P56994)
                                           JAFFE RAITT HEUER & WEISS, PC
                                           201 S. Main St., Suite 300
                                           Ann Arbor, Michigan 38104
                                           (734) 222-4776
                                           pfalkenstein@jaffelaw.com

                                           *Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GOMBA MUSIC, INC.,                    Case No. 14-cv-11767

         Plaintiff,                    District Judge Hon. Laurie J. Michelson

v.                                              Magistrate Judge R. Steven Whalen

CLARENCE AVANT
and INTERIOR MUSIC CORP.,

         Defendants.

_____/

INTERIOR MUSIC CORP.,

         Third Party Plaintiff,

v.

SIXTO RODRIGUEZ,

         Third Party Defendant.

_____/

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
## TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
## PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................ii

ISSUES PRESENTED..........................................................................................v

INTRODUCTION ................................................................................................1

STATEMENT OF FACTS ...................................................................................2

    A.    OLD GOMBA FILES SUIT ................................................. 2

    B.    NEW GOMBA AND BALK FILE AN AMENDED COMPLAINT............................................................... 4

ARGUMENT .......................................................................................................8

    I    THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS TO PLAINTIFF GOMBA BECAUSE THE AMENDED COMPLAINT CONTAINS NO FACTS DEMONSTRATING THAT THE NEWLY FORMED GOMBA HAS ANY RIGHTS IN THE RODRIGUEZ AGREEMENT .......................................................... 8

    II.    THE COURT SHOULD DISMISS THE AMENDED COMPLAINT IN ITS ENTIRETY AS TO PLAINTIFF BALK BECAUSE IT ALLEGES NO FACTS DEMONSTRATING THAT ANY DUTIES OWED BALK AS AN INDIVIDUAL HAVE BEEN VIOLATED ............................ 11

    III.    THE COURT SHOULD DISMISS COUNT I OF THE AMENDED COMPLAINT (FRAUD ON THE COPYRIGHT OFFICE) BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO ASSERT SUCH A CLAIM. .......................................................... 13

    IV.    THE COURT SHOULD DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT BECAUSE THEY ARE TIME-BARRED.......................................................... 16

CONCLUSION ..................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

*Amini v. Oberlin College*,
259 F. 3d 493 (6th Cir. 2001) ..............................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................4, 9

*Ashton-Tate Corp. v. Ross*,
728 F. Supp. 597 (N.D. Cal. 1989), *aff'd*, 916 F.2d 516 (9th Cir.
1990) ......................................................................................................................16

*Barnhart v. Federated Dep't Stores, Inc.*,
2005 U.S. Dist. LEXIS 3631 (S.D.N.Y. Mar. 8, 2005).........................................16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................9

*Blue Cross & Blue Shield of Michigan v. Folkema*,
174 Mich. App. 476 (1988) ..................................................................................18

*Cambron v. Starwood Vacation Ownership, Inc.*,
945 F. Supp. 2d 1133 (D. Haw. 2013)....................................................................9

*Estate of Abdullah ex rel. Carswell v. Arena*,
2014 WL 1304725 (E.D. Mich., March 28, 2014) ...............................................23

*Directv, Inc. v. Treesh*,
487 F. 3d 471 (6th Cir. 2007) .................................................................................9

*Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*,
264 Mich. App. 632 (2004) .............................................................................19, 22

*Donald Frederick Evans & Assocs., Inc. v. Continental Homes*,
Inc., 785 F.2d 897 (11th Cir. 1986) ......................................................................16

*Esbin & Alter, LLP v. Zappier*,
2011 U.S. Dist. LEXIS 27881 (S.D.N.Y. Mar. 17, 2011)...............................15, 16

*Fonar Corp. v. Domenick*,
    105 F.3d 99 (2d. Cir. 1997) ..................................15

*Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley*
    *Auth.*,
    108 F.3d 658 (6th Cir. 1997) ..................................17

*James v. Logee*,
    150 Mich. App. 35 (1986) ..................................18

*Kwan v. Schlein*,
    2008 U.S. Dist. LEXIS (S.D.N.Y. Oct. 30, 2008)..................................15

*Lemson v. General Motors Corp.*,
    66 Mich. App. 94 (1975) ..................................19, 24

*Lennon v. Seaman*,
    84 F. Supp. 2d 522 (S.D.N.Y. 2000) ..................................15

*Malibu Media, LLC v. Doe 1*,
    2013 WL 5603275 (D. Md. Oct. 10, 2013) ..................................16

*McNaughten v. Rockford State Bank*,
    261 Mich. 265 (1933) ..................................23

*Meathe v. Ret*,
    547 Fed. Appx. 683 (6th Cir. 2013)..................................13

*Michigan Nat. Bank v. Mudgett*,
    178 Mich. App. 677 (1989) ..................................13

*Moll v. Abbott Laboratories*,
    444 Mich. 1 (1993) ..................................23

*Nearstar, Inc. v. Waggoner*,
    2011 WL 817374 (E.D. Tex. Mar. 2, 2011) ..................................16

*Prentis Family Found. v. Barbara Ann Karmanos Cancer Inst.*,
    266 Mich. App. 39 (2005) ..................................19

*Servo Kinetics, Inc. v. Tokyo Precision Instruments Co. Ltd.*,
    475 F.3d 783 (6th Cir. 2007) ..................................11

*Sprewell v. Golden State Warriors*,
  266 F. 3d 979 (9th Cir. 2001) ...................................................................9

*Toledo Museum of Art v. Ullin*,
  477 F. Supp. 2d 802 (N.D. Ohio 2006) ..................................................17

*Walker v. Gen. Tel. Co.*,
  25 Fed. App'x 332 (6th Cir. 2001) .........................................................13

## **Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................2, 4, 9, 25

## **Statutes**

17 U.S.C. § 506(e) .....................................................................................16

M.C.L. § 600.5805(10) ..............................................................................18

M.C.L. § 600.5813 .....................................................................................18

M.C.L. § 600.5855 ................................................................................*passim*

MCL § 450.1911 ...........................................................................................5

## **Other Authorities**

http://www.dleg.state.mi.us/bcs_corp/sr_corp.asp .......................................5

*Patry on Copyright* § 17:126 .....................................................................16

## ISSUES PRESENTED

I.   Should the Court dismiss the Amended Complaint in its entirety as to Plaintiff Gomba Music, Inc., where public records show that the company was incorporated on June 25, 2014, just two days before the filing of the Amended Complaint, and there are no allegations in the Amended Complaint demonstrating that the company has standing to assert any of the claims alleged in the Amended Complaint?

Defendants answer "yes."

II.  Should the Court dismiss the Amended Complaint in its entirety as to Plaintiff Harry Balk, suing in his individual capacity, where the allegations of the Amended Complaint demonstrate that all claims asserted are those of the company, and there are no allegations that Defendants violated any duty independently owed to Balk?

Defendants answer "yes."

III. Should the Court dismiss Count I of the Amended Complaint (Fraud on the Copyright Office), where settled precedent dictates that there is no private right of action to assert an affirmative claim of fraud on the Copyright Office?

Defendants answer "yes."

IV.  Should the Court dismiss Count II (For Declaratory Judgment) and Count III (Fraudulent Concealment/Tortious Interference with Contract and Fraud) of the Amended Complaint as time-barred, where Plaintiffs failed to assert them within two years after being placed on inquiry notice nearly 45 years ago of the possibility that those claims existed, and Plaintiffs' utter failure to further investigate and assert the claims?

Defendants answer "yes."

## INTRODUCTION

Clarence Avant ("Avant") has long been one of the most prominent figures in the music industry. Known as "the Godfather of Black Music," he has been instrumental in nurturing and introducing musical talent to the public for nearly 60 years. He is a former president of Motown Records and has owned his own record companies and music publishing companies over the years. He is also known for his philanthropic activities and has been given numerous awards for his public service and service to the entertainment industry.

In the late 1960s, Avant became aware of the talents of a young Detroit folk singer-songwriter named Sixto Rodriguez p/k/a/ "Rodriguez." In conjunction with receiving written warranties and representations from Rodriguez that all of the songs he would deliver to Avant's company would be free and clear of all claims, rights, and obligations as to third parties, Avant's company, Interior Music Corp. ("Interior" and together with Avant "Defendants"), signed Rodriguez to an Exclusive Songwriter's and Composer's Agreement. Another of Avant's companies, Sussex Records, signed Rodriguez to an exclusive recording agreement and released two albums of Rodriguez's featured performances, the first of which was *Cold Fact*.

Nearly 45 years after *Cold Fact* was first distributed, this action was initially filed in the name of "Gomba Music Inc." ("Old Gomba"), claiming an exclusive songwriter agreement with Rodriguez. Given leave to amend, and apparently

1

because Old Gomba no longer exists, counsel have now filed on behalf of another "Gomba Music, Inc." ("New Gomba") -- an entity that was formed just three weeks ago by Plaintiffs' counsel of record.  This new entity has been joined by its purported principal Harry Balk ("Balk") as a co-plaintiff for the first time.  These Plaintiffs have abandoned the copyright claim alleged in Count I of the original Complaint filed on behalf of the non-existent Old Gomba because they are now forced to admit that the original Complaint falsely alleged the existence of an issued certificate of copyright registration for the subject compositions.  That claim has been replaced by a new Count I, which is a claim for fraud on the Copyright Office.  As in the original Complaint, Counts II and III of the Amended Complaint are claims for a declaration of ownership of the *Cold Fact* songs (Count II), and a "kitchen sink" claim for "fraudulent concealment/ tortious interference with contract and fraud" (Count III).

For the reasons stated in Defendants' motion, and in further detail below, all of the claims of the Amended Complaint fail as a matter of law.  Accordingly, it should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### <u>STATEMENT OF FACTS</u>

#### A.    OLD GOMBA FILES SUIT

A Complaint was filed on May 2, 2014 on behalf of an entity purported to be "Gomba Music Inc."  *See* Dkt. No. 1, (the "Original Complaint").  The Complaint asserted that in 1966, Old Gomba and Sixto Rodriguez (Rodriguez") entered into an exclusive songwriter agreement (the "Rodriguez Agreement") that required

Rodriguez to "write and compose musical compositions exclusively for Gomba" for a period of five years.  Orig. Comp. ¶ 7.  Old Gomba alleged that Avant wanted to enter into recording and songwriting contracts with Rodriguez and, upon learning that Rodriguez was signed to Gomba, embarked on a plan to "fraudulently conceal the writing of compositions by Sixto Rodriguez . . . [whereby] . . . compositions written by Rodriguez would falsely, fraudulently, and wrongly be credited and attributed to other individuals with whom Gomba had no agreements."  *Id*. ¶ 8.  Old Gomba claimed that in March 1970, Avant's record label[1] released the Rodriguez album entitled *Cold Fact*, *id*., and that Avant falsely attributed the authorship of the compositions on this album to persons other than Sixto Rodriguez, *id*. ¶ 11.

Based on these allegations, Old Gomba asserted claims for copyright infringement (Count I), declaration of ownership of the copyrights in the *Cold Fact* compositions (Count II), and a claim for "fraudulent concealment/tortious interference with contract and fraud" (Count III).  Old Gomba alleged in the Original Complaint that it had "received a certificate of registration for the compositions contained in the album *Cold Fact*", Orig. Comp. ¶ 9, but failed to attach the registration to the Original Complaint or provide any information about the registration, such as the title, registration number, date of registration, etc.

---

[1] Although the Amended Complaint alleges that *Cold Fact* was released by Venture Records, it was, in fact, released by Sussex Records, as the record label indicates. *See* Am. Comp. Exhibit B.

3

Defendants could locate no record of Old Gomba having obtained a registration for each of the *Cold Fact* compositions.

On June 3, 2014, Defendants filed a motion to dismiss the Original Complaint under Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 13. With respect to the copyright claims alleged in Counts I and II, Defendants sought dismissal on the grounds that (a) Old Gomba had failed to adequately plead ownership of a registration for the *Cold Fact* compositions; (b) the claims were time-barred; and (c) Old Gomba had failed to plead a basis for recovery of statutory damages and attorney's fees under the Copyright Act. As to Count III, Defendants argued that Old Gomba failed to plead fraud with particularity and that the claims alleged in Count III were time-barred.

On June 9, 2014, the Court issued an Order Regarding Motion to Dismiss. *See* Dkt. No. 14. Without opining on the merits of the motion, the Order, "afford[ed] Plaintiff an opportunity to cure the purported pleading defects by granting Plaintiff leave to file an amended complaint." *Id*. at 1. The Court further stated that "[a]ny amended complaint…must state a 'plausible claim for relief' by pleading specific factual allegations that, if true, would 'plausibly give rise to an entitlement to relief.'" *Id*. at 2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

### B.    NEW GOMBA AND BALK FILE AN AMENDED COMPLAINT

When Old Gomba filed suit, Defendants sought, but could not find, any information regarding the existence of an active Michigan corporation in good

4

standing that included the term "Gomba Music" in its name.  The on-line corporate database maintained by the State of Michigan Department of Licensing and Regulatory Affairs ("LARA") had no record of any such company.[2]  As Defendants subsequently learned, the only records maintained by the State of Michigan regarding a "Gomba Music" entity were (a) a document appearing to show that a "Gomba Music Inc." was incorporated on November 2, 1965 (the document also contained other basic information about this entity), and (b) a document appearing to show that "[r]eports" -- presumably annual reports -- were filed in 1966, 1967 and 1968, and which contained a note, dated 1971, that there were no other documents available regarding the entity because the records "were destroyed by fire at Record Center." **Exhibit 2**, materials on file with State of Michigan.  If Old Gomba were still in existence and in good standing when this action was filed, there would doubtless have been some evidence of its filing with the State of an annual report or other corporate document at some point over the last 43 years since Record Center fire.[3]  There are, however, _no_ annual reports or other documents whatsoever on file with the State relating to Old Gomba; the only reasonable conclusion being that Old Gomba was abandoned or ceased to exist decades ago.

On June 27, 2014, Defendants received the Amended Complaint that is the

---

[2] This database can be accessed at http://www.dleg.state.mi.us/bcs_corp/sr_corp.asp.

[3] MCL 450.1911 requires a corporation to file an annual report with the State by May 15 of each year.

subject of this motion to dismiss.  Dkt. No. 15.  As before, the caption identified "Gomba Music Inc." as a plaintiff, and Balk was added as a plaintiff.  Defendants checked the LARA records again and learned, to their surprise, that a new entity named "Gomba Music, Inc." had just been incorporated by Plaintiffs' counsel of record on June 25, 2014, just two days before the filing of the Amended Complaint.  The Amended Complaint does not disclose the recent formation of the nominal Plaintiff or the abandonment of Old Gomba, the party that contracted with Rodriguez.

The Amended Complaint is based upon essentially the same operative factual allegations as the Complaint:  In 1966, Old Gomba and Rodriguez entered into a contract (the Rodriguez Agreement) whereby Rodriguez agreed to write musical compositions exclusively for Old Gomba for a period of five years, Am. Comp. ¶ 8; that Avant unlawfully circumvented the terms of the Rodriguez Agreement by attributing songs composed by Rodriguez to others, *id*. ¶ 9; and that this alleged scheme was evidenced by Rodriguez's *Cold Fact* record, released in 1970, on which all of the songs are credited to persons or entities other than Rodriguez, including a "Jesus Rodriguez," who was "purportedly Sixto Rodriguez's brother."  *Id*.

The Amended Complaint does, however, differ from the Original Complaint in several ways.  As noted, Balk was added as a party, and Plaintiffs have admitted that the Original Complaint's allegation that Gomba had obtained a certificate of registration for the *Cold Fact* compositions was false.  Compare Orig. Comp. ¶ 9 to

Am. Comp. ¶ 12.  And while it was apparent from the Original Complaint that Old Gomba and Balk knew about the release of *Cold Fact* in 1970, that was not explicitly stated there.  Plaintiffs now acknowledge not only that they knew of the 1970 release of the album; but that Balk was concerned and suspicious and reviewed the album's credits at the time.  Am. Comp. ¶ 14.  Plaintiffs further acknowledge that the sum total of Balk's inquiry in 1970 into whether the *Cold Fact* songs might be covered by the Rodriguez Agreement was to read the album credits:  "When Cold Fact was released, Balk, knowing Sixto Rodriguez was the performer on the album, tried to determine whether Sixto was an author of the Cold Fact Compositions by reviewing the credits on the album."  *Id*.  Thus, in reality, Balk did absolutely nothing to determine whether the very information – contained in the album credits – that had raised his suspicion that Old Gomba's alleged rights in the Rodriguez Agreement had been violated, was in fact true.

Since Old Gomba had signed Rodriguez to a songwriter agreement, Balk knew Rodriguez was a singer/songwriter.  Therefore, the issuance of the *Cold Fact* album featuring Rodriguez, during the five-year term of the Rodriguez Agreement, but attributing none of the songs to this songwriter, was more than enough to put Balk and Old Gomba on notice of the possible violation of Old Gomba's alleged rights to Rodriguez's songs under the Rodriguez Agreement.  But that was not the only information of which Balk and Old Gomba were aware that would have put them on

7

notice of a potential violation of Old Gomba's alleged contractual rights.

In addition, Plaintiffs omit that the 1970 *Cold Fact* album includes Sixto Rodriguez's performance of a composition, "Forget It," for which Old Gomba had obtained a copyright registration in 1967.  *See* **Exhibit 3,** original registration Eu 991131 and renewal registration RE 697-482, procured from U.S. Copyright.  These show the author as Sixto Rodriguez and the original copyright claimant as Gomba Music Inc.  Thus, by 1967, Old Gomba (and Balk) clearly knew that Sixto Rodriguez was the author of "Forget It," yet the 1970 album credited the song to "Jesus Rodriguez."  As Plaintiffs have alleged, Balk saw the *Cold Fact* credits when the album came out and thus undoubtedly saw that it contained a song that Balk knew was written by Sixto Rodriguez but was being attributed to "Jesus Rodriguez."  Yet, Balk still did no investigation, instead waiting 44 years to file this lawsuit.

## ARGUMENT

**I      THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS TO PLAINTIFF GOMBA BECAUSE THE AMENDED COMPLAINT CONTAINS NO FACTS DEMONSTRATING THAT THE NEWLY FORMED GOMBA HAS ANY RIGHTS IN THE RODRIGUEZ AGREEMENT**

Each of the claims alleged in the Amended Complaint is predicated on the 1966 Rodriguez Agreement, without which Plaintiffs would have no claim to any of the *Cold Fact* songs.  But, the "Gomba Music" identified as the Plaintiff in the Amended Complaint, *i.e.* New Gomba, is not a party to the Rodriguez Agreement, and there are no facts alleged in the Amended Complaint demonstrating that New

Gomba has any rights in the Agreement. Thus, New Gomba has no basis for pursuing any of the claims alleged in the Amended Complaint, which should be dismissed for failure to state any valid claim as to New Gomba.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. To withstand a Rule 12(b)(6) motion, the plaintiff must plead facts sufficient to "raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Generally, a court deciding a Rule 12(b)(6) motion must accept all well-pleaded allegations as true. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court, however, is not required to accept as true legal conclusions or to draw unwarranted inferences. *Directv, Inc. v. Treesh*, 487 F. 3d 471, 476 (6th Cir. 2007). Neither is a court required to give credence to "allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint." *Cambron v. Starwood Vacation Ownership, Inc.*, 945 F. Supp. 2d 1133, 1138-39 (D. Haw. 2013) (citing *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001)). In ruling on a motion to dismiss, a court may consider, in addition to the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. . . ." *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001).

The Rodriguez Agreement that forms the basis of each of the claims alleged in

the Amended Complaint was entered into on July 25, 1966 between "Gomba Music Inc." and Rodriguez.  (*See* Am. Comp. Exhibit A.)  The public records maintained by LARA demonstrate that there is only one active Michigan corporation bearing the name "Gomba Music", *i.e.*, New Gomba, and that this entity was formed on <u>June 25, 2014</u> – just two days before the filing of the Amended Complaint in this matter and nearly 48 years after the Rodriguez Agreement was executed.   (*See* **Exhibit 1**.)

Having been in existence for barely two weeks, New Gomba cannot be the Gomba entity that entered into the Rodriguez Agreement in 1966.  Therefore, New Gomba cannot seek enforcement of any rights emanating from the Rodriguez Agreement as a purported party to the Agreement.  There are also no facts alleged in the Amended Complaint showing that New Gomba somehow obtained any right to pursue claims arising from the terms of the Rodriguez Agreement, upon which each of the claims alleged in Amended Complaint is based.  Accordingly, the Amended Complaint fails to state a claim on which relief should be granted as to New Gomba.

Further, in its June 9, 2014 order granting leave to file an amended complaint, the Court authorized the "Gomba" that filed suit, plainly not New Gomba, to file an amended pleading.  The Court did not authorize the formation of a new corporate entity and the substitution in of that entity as the plaintiff in place of the defunct Old Gomba.  On the face of the Articles of Incorporation, New Gomba is a separate and distinct corporate entity that must be treated as such.  *See, e.g., Servo Kinetics, Inc. v.*

*Tokyo Precision Instruments Co. Ltd.*, 475 F.3d 783, 798 (6th Cir. 2007) ("Under Michigan law, there is a presumption that the corporate form will be respected.") Plaintiffs cannot confer rights on a new corporate entity simply by giving it the same name. This new entity was not a party to the lawsuit at its inception, and no order was entered allowing a new corporate entity to substitute in as plaintiff to replace Old Gomba. The Court should dismiss all claims asserted on behalf of New Gomba.

## II. THE COURT SHOULD DISMISS THE AMENDED COMPLAINT IN ITS ENTIRETY AS TO PLAINTIFF BALK BECAUSE IT ALLEGES NO FACTS DEMONSTRATING THAT ANY DUTIES OWED BALK AS AN INDIVIDUAL HAVE BEEN VIOLATED

The Complaint in this action was filed solely on behalf of Old Gomba. The Amended Complaint, however, seeks to add Balk as a plaintiff. The allegations of the Amended Complaint, however, fail to allege any facts upon which any of the stated claims can be established on behalf of Balk in his individual capacity.

There were only two parties to the Rodriguez Agreement, namely Old Gomba and Rodriguez, as the first paragraph of the Rodriguez Agreement establishes:

> AGREEMENT made this 25th day of July, 1966, between Sixto Rodriguez, 558 W. Grand Blvd., Detroit, Mich. (hereinafter referred to as the "Writer") and GOMBA MUSIC INC., 17111 THIRD AVE., DETROIT, MICH. 48203 (hereinafter referred to as the "Publisher").

*See* Exhibit A to Amended Complaint. Balk executed the Rodriguez Agreement in his capacity as the president of Old Gomba, but he was not a party to the Agreement and there is nothing in the Agreement that confers any rights on Balk in his

11

individual capacity.   All of the rights and obligations under the Rodriguez Agreement are ascribed to either the "Writer," *i.e.* Rodriguez, or the "Publisher," *i.e.* Old Gomba.  The allegations of the Amended Complaint confirm that the Rodriguez Agreement was between Rodriguez and Old Gomba only.  *See* Am. Comp. ¶ 8.

The only references to Balk in the Amended Complaint are in relation to the factual allegations of fraudulent concealment by Defendants of authorship of the *Cold Fact* compositions.  *See, e.g.,* Am. Comp. ¶¶ 14-16, 26.  But the Amended Complaint states no cause of action on behalf of Balk individually, as all of the alleged rights described in the Amended Complaint arise from the Rodriguez Agreement and belong to Old Gomba.

Neither does Balk's alleged capacity as the president and sole shareholder of "Gomba Music" permit him to assert claims in his own name, as it is well established that:

> In general, a suit to enforce corporate rights or to redress or prevent injury to the corporation, whether arising out of contract or tort, must be brought in the name of the corporation and not that of a stockholder, officer or employee.
>
> The general rule is inapplicable where the individual shows a violation of a duty owed directly to him. This exception does not arise, however, merely because the acts complained of resulted in damage both to the corporation and to the individual, but is limited to cases where the wrong done amounts to a breach of duty owed to the individual personally. Thus, ***where the alleged injury to the individual results only from the injury to the corporation, the injury is merely derivative and the individual does not have a right of action against the third party***.

*Michigan Nat. Bank v. Mudgett*, 178 Mich. App. 677, 679-80 (1989) (citations

omitted) (emphasis added); *see also Meathe v. Ret*, 547 Fed. Appx. 683, 688 (6th Cir.

2013) (affirming dismissal of corporate shareholder's claims where complaint

"fail[ed] to allege any injury distinct from that of [the corporation].")  *Accord Walker*

*v. Gen. Tel. Co.*, 25 Fed. App'x 332, 335 (6th Cir. 2001) ("An officer may bring suit

in his own name only where he can show that the breach of contract violated a duty

owed directly to him as an individual.")

There is nothing alleged in the Amended Complaint that even suggests a duty

owed to Balk independent of any duties allegedly owed by Defendants to Old

Gomba.  Even if the allegations of fraud proved to be true, which they are not, that

fraud would have affected no interests of Balk other than indirectly as the owner of

Old Gomba.  It is only the company's interests that would have been directly harmed.

Because the Amended Complaint alleges no facts upon which any duties owed

to Balk individually were violated, Balk has no standing as a plaintiff in this action.

Accordingly, as to Balk, the Amended Complaint fails to state a claim upon which

relief can be granted and should therefore be dismissed.

### III.   THE COURT SHOULD DISMISS COUNT I OF THE AMENDED COMPLAINT (FRAUD ON THE COPYRIGHT OFFICE) BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION TO ASSERT SUCH A CLAIM.

In its original Complaint, Old Gomba asserted a claim for copyright

infringement, purportedly founded on the fact, as stated in the Complaint, that

"Gomba has filed with the Register of Copyrights, *and has received a certificate of registration for* the compositions contained in the album *Cold Fact*."  Orig. Comp. ¶ 9 (emphasis added).  Defendants, however, could find no evidence of any such registration.  Defendants thus attacked Old Gomba's infringement claim, in part on that basis, in their motion to dismiss the Original Complaint.  Old Gomba's claim of possession of a certificate of registration for the *Cold Fact* songs was, in fact, a knowing, deliberate, and blatantly false statement.  In their Amended Complaint Plaintiffs were forced to concede that "*Copyright applications have been filed but registrations have not yet been issued*."  Am. Comp. ¶ 12.  Based on that admission, Plaintiffs deleted the copyright infringement claim from the Amended Complaint.  *Id*.

In lieu of an infringement claim, the Amended Complaint asserts a claim for Fraud on the Copyright Office (Count I).  However, while fraud on the Copyright Office may be asserted as an *affirmative defense* to a claim of infringement, there is no legal basis upon which an *affirmative claim* for fraud on the Copyright Office may be brought, as Plaintiffs attempt to do here.

"Courts 'have considered challenges to the presumption of [copyright] validity where a showing has been offered – *by way of a defense to an infringement claim* – that there has been fraud on the copyright office."  *Esbin & Alter, LLP v. Zappier*, 2011 U.S. Dist. LEXIS 27881, *4 (S.D.N.Y. Mar. 17, 2011) (emphasis added) (*quoting Fonar Corp. v. Domenick*, 105 F.3d 99, 105 (2d. Cir. 1997)).  *See also*

14

*Lennon v. Seaman,* 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000) ("An allegation of fraud on the Copyright Office is typically brought in an infringement action as an affirmative defense to the enforcement of a registered copyright certificate.") However, "there is no precedent supporting the use of a claim for fraud on the Copyright Office as an affirmative cause of action, rather than as a defense to a copyright certificate's validity." *Esbin & Alter,* 2011 U.S. Dist. LEXIS 27881 at \*5 (*quoting Kwan v. Schlein,* 2008 U.S. Dist. LEXIS, \*2 (S.D.N.Y. Oct. 30, 2008)).

In *Esbin,* the plaintiff had asserted a claim for copyright infringement. The defendant alleged fraud on the Copyright Office as an affirmative defense, and also attempted to assert it as a counterclaim. Based on the analysis provided above, the court ruled that "[t]he counterclaim is dismissed, no private right of action having been established. The affirmative defense remains, leaving the same issues open for discovery." *Esbin,* 2011 U.S. Dist. LEXIS 27881 at \*6. Thus, even where it had been sued for copyright infringement, the defendant could not assert an affirmative cause of action for fraud on the Copyright Office. *See also Malibu Media, LLC v. Doe 1*, 2013 WL 5603275 (D. Md. Oct. 10, 2013) ("'Fraud on the Copyright Office is not an independent claim but, rather, an attack on the prima facie validity provided under Section 410(c).'") (quoting *Patry on Copyright* § 17:126)); *Nearstar, Inc. v. Waggoner*, 2011 WL 817374, \*2 n. 1 (E.D. Tex. Mar. 2, 2011) ("The parties agree that there is no claim for fraud on the Copyright Office and that this counterclaim

should be dismissed.")[4]

Here, Plaintiffs have not been sued for copyright infringement by Defendants; neither have Defendants even asserted any claims of any kind against them to this point. Plaintiffs simply chose to assert an affirmative claim for fraud on the Copyright Office in the Amended Complaint as a substitute for their failed copyright infringement claim. Based on the cited precedent, this is impermissible, and Count I of the Amended Complaint for Fraud on the Copyright Office must be dismissed.

## IV.   THE COURT SHOULD DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT BECAUSE THEY ARE TIME-BARRED

Count III of the Complaint is a hodge-podge of legal theories titled "Fraudulent Concealment/Tortious Interference With Contract and Fraud." Fraudulent concealment is alleged solely as a purported basis for tolling the statutes of limitation applicable to the substantive claims. Plaintiffs invoke this theory

---

[4] Section 506 of the Copyright Act, 17 U.S.C. § 506(e) makes it a crime for any person to "knowingly make[] a false representation of a material fact in the application for copyright registration …, or in any written statement filed in connection with the application." But, as noted in *Esbin*, "Courts in this district and elsewhere have definitively concluded, however, 'that Congress intended that section 506 serve as a criminal statute and not give rise to private actions.'" *Id.*, 2011 U.S. Dist. LEXIS 27881 at *6-7 (quoting *Donald Frederick Evans & Assocs., Inc. v. Continental Homes*, Inc., 785 F.2d 897, 913 (11th Cir. 1986) (citing legislative history)). *See also Barnhart v. Federated Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 3631 (S.D.N.Y. Mar. 8, 2005) ("There is no corresponding private right of action . . . under 17 U.S.C. § 506(e) for making false claims to the Copyright Office."); *Ashton-Tate Corp. v. Ross*, 728 F. Supp. 597, 602 (N.D. Cal. 1989) ("Section 506(e) is solely a criminal statute that does not provide a private cause of action"), *aff'd*, 916 F.2d 516 (9th Cir. 1990).

because the alleged acts that form the basis of the tortious interference and fraud

claims occurred well over 40 years ago.  Additionally, with respect to Count II for a

declaratory judgment, that claim rises or falls with the underlying substantive claims,

i.e., the tortious interference and fraud claims.  As the Sixth Circuit stated in *Int'l*

*Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658,

668 (6th Cir. 1997) (citation omitted):

> A request for declaratory relief is barred to the same extent that the claim
> for substantive relief on which it is based would be barred…. A contrary
> rule would allow a plaintiff to "mak[e] a mockery of the statute of
> limitations by the simple expedient of creative labeling."[5]

With the statute of limitations having long since run on these claims, they are

time-barred unless Plaintiffs can establish that the claims were fraudulently concealed

and that Plaintiffs filed suit within two years of when they discovered or should have

discovered the existence of the claim, as required under Michigan's fraudulent

concealment statute, M.C.L. § 600.5855.  As shown below, via the release of *Cold*

*Fact*, Plaintiffs were placed on notice of potential claims against Defendants, but sat

on their hands for over 40 years before filing this lawsuit in 2014.  Even if, *arguendo*,

---

[5] *See also Toledo Museum of Art v. Ullin*, 477 F. Supp. 2d 802, 806 (N.D. Ohio 2006)
("'Actions for declaratory judgment are neither legal nor equitable claims, but are
considered to be sui generis' and 'must accompany the substantive claim for which
the declaratory judgment is sought.") (citation omitted).  Here, the substantive claims
are Defendants' alleged fraud in misattributing the *Cold Fact* compositions to authors
other than Rodriguez and allegedly inducing Rodriguez to breach the Rodriguez
Agreement, which allegedly deprived Old Gomba of its rights in the compositions
under that Agreement.  Under the cited case law, the dismissal of Count III as time-
barred would also warrant the dismissal of Count II.

Defendants had engaged in fraudulent concealment, Plaintiffs' claims are time-barred because Plaintiffs failed to file suit within the two-year limitations period M.C.L. § 600.5855.[6]   Counts II and III should therefore be dismissed for this additional reason.

Under Section 600.5855, a statute of limitations may be tolled where the defendant has fraudulently concealed the existence of a claim from the plaintiff. The statute requires the plaintiff to file suit within two years of when it either discovered or should have discovered the claim:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim … from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim …, although the action would otherwise be barred by the period of limitations.

M.C.L. § 600.5855.

A plaintiff asserting fraudulent concealment as grounds for tolling a statute of limitations must demonstrate that the defendant "'[employed an] artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action.'" *Lemson v. General Motors Corp.*, 66 Mich. App. 94, 97 (1975) (citation omitted).  "'The acts relied on must be of an

---

[6]  Fraud claims are subject to a six-year statute of limitations. M.C.L. § 600.5813; *see also Blue Cross & Blue Shield of Michigan v. Folkema*, 174 Mich. App. 476, 481 (1988).  The applicable limitations period for a claim of tortious interference with contract is three years.  M.C.L. § 600.5805(10); *see also James v. Logee*, 150 Mich. App. 35, 36 (1986).

affirmative character and fraudulent.'"  *Id*.  Where a plaintiff does not diligently

pursue inquiry into a possible cause of action, the plaintiff cannot seek refuge in the

fraudulent concealment statute because Michigan law provides that "'[a] party will be

held to know what he ought to know … by the exercise of ordinary diligence[.]"  *Id*.

Absolute certitude regarding the existence of a cause of action is not required

to trigger the running of the 2-year limitations period of § 600.5855.  Rather, "[f]or a

plaintiff to be sufficiently apprised of a cause of action, ***a plaintiff need only be***

***aware of a 'possible cause of action***.'"  *Doe v. Roman Catholic Archbishop of*

*Archdiocese of Detroit*, 264 Mich. App. 632, 643 (2004) (citation omitted) (emphasis

added).  Accordingly, "[i]f liability were discoverable from the outset, then MCL

600.5855 will not toll the applicable period of limitations."  *Prentis Family Found. v.*

*Barbara Ann Karmanos Cancer Inst.*, 266 Mich. App. 39, 48 (2005).

As alleged in the Amended Complaint, Gomba Music (certainly not New

Gomba, as it did not exist) entered into the Rodriguez Agreement on or about July

25, 1966.  Amended Complaint ¶ 8.  Under the terms of this Agreement, Rodriguez

was to "write and compose musical compositions exclusively for Gomba during a

five year period expiring July 25, 1971."  *Id*.  "[A]ll musical compositions written

during the term" of the Rodriguez Agreement were to be "owned and controlled by

Gomba, including the worldwide copyrights therein."  *Id*.  One of the compositions

that Rodriguez wrote during the term of the agreement was the song "Forget It."  Old

19

Gomba obtained a certificate of registration for this song from the Copyright Office on April 20, 1967; the registration identified Sixto Rodriguez as the author of the song and Gomba Music as the original copyright claimant." **Exhibit 3**.

Thus, Balk and Old Gomba obviously knew as of 1967 that Sixto Rodriguez authored the song "Forget It." When Sixto Rodriguez's album *Cold Fact* was released in March of 1970, one of the songs on the album was "Forget It." *See* Amended Complaint Exhibit B. Sixto Rodriguez was identified as the performer of the songs, but others were identified as the songwriters. *Id*. "Forget It" was credited to "Jesus Rodriguez" as the songwriter. *Id*. The album identified the publisher of all of the songs as Defendant Interior Music, and the album bore the name "Sussex," a record company that, like Interior Music, was owned by Defendant Avant. *Id*. The alleged attribution of these songs by Avant and Interior to writers other than Sixto Rodriguez is the foundation of Plaintiffs' claims for fraud and tortious interference, as well as their claim for tolling of the statute of limitations under § 600.5855.

Plaintiffs admit in paragraphs 14 and 15 of the Amended Complaint that they were aware of all of this information at the time the album was released in 1970 because Balk knew about its release and reviewed the album credits at that time:

> 14.   Avant specifically represented that the *Cold Fact* Compositions were written by Jesus Rodriguez and Sixth Prince Inc., intentionally leaving the true writer, Sixto Rodriguez, off of the credits, and the credits published by Defendants on the *Cold Fact* album so confirmed. (Attached hereto as Exhibit b). When *Cold Fact* was released, Balk, knowing Sixto Rodriguez was the performer on the

album, tried to determine whether Sixto was an author of the *Cold Fact* Compositions by reviewing the credits on the album. The credits stated that Jesus Rodriguez and Sixth Prince were the writers, and Sixto Rodriguez was not an author of the *Cold Fact* Compositions and therefore Balk did not pursue at that time.

      15.    These intentional misrepresentations were communicated to Balk and Gomba by Avant and Interior Music through the false information on the *Cold Fact* album at the time of the album's release.

The mere release during the term of the Rodriguez Agreement of an album containing songs performed by Sixto Rodriguez – all identified as having been written by someone else – was itself enough to alert Old Gomba and Balk to the possibility of legal issues relating to authorship. However, the album Balk admits reviewing in 1970 also contained a song – "Forget It" –written by Sixto Rodriguez which Old Gomba registered for copyright less than three years earlier. Thus, Balk's admitted review clearly showed him that "Jesus Rodriguez" had been credited for a Sixto Rodriguez song. This put him on further notice that a possible violation of Old Gomba's alleged rights under the exclusive Rodriguez Agreement had occurred. *Doe*, 264 Mich. App. at 643 (2004) ("For a plaintiff to be sufficiently apprised of a cause of action, a plaintiff need only be aware of a 'possible cause of action.'")

Plaintiffs admit as much in their Amended Complaint, as they allege that Balk's suspicions were piqued by the release of the *Cold Fact* album: "When Cold Fact was released, Balk, knowing Sixto Rodriguez was the performer on the album, tried to determine whether Sixto was an author of the Cold Fact Compositions …."

21

Amended Complaint ¶ 14.  Moreover, the album credits that Balk admits reviewing included a song – "Forget It" – credited to "Jesus Rodriguez," but which Balk knew was written by Sixto Rodriguez, Old Gomba having obtained a copyright registration for that song in Sixto Rodriguez's name less than three years earlier.

Plaintiffs further admit that despite Balk's concerns, he did nothing to investigate any possible cause of action.  The sum total of Balk's actions was "reviewing the credits on the album."  *Id*.  Balk made no attempt to contact Avant or anyone at Interior (the publisher) or Sussex (the record company); Balk made no attempt to investigate or contact any of the individuals or entities identified in the credits as the songwriters; Balk made no attempt to contact the production company identified in the album credits; and most glaringly, Balk made no attempt to address the matter with his own client at the center of this dispute – Sixto Rodriguez.   Balk should have inquired not only as to the authorship of "Forget It," but also why every song on the album was credited to someone other than the creative songwriter with whom he had signed an exclusive songwriter agreement.

When *Cold Fact* was released in 1970, Old Gomba either knew or should have known that it had a possible cause of action where the album contained a song – "Forget It" – that Old Gomba and Balk knew was written by Sixto Rodriguez during the term of the Rodriguez Agreement, and which Old Gomba had recently registered with the Copyright Office.  The information known to Old Gomba and Balk was

clearly sufficient to trigger a duty to investigate the existence of a cause of action. As recently stated in *Estate of Abdullah ex rel. Carswell v. Arena*, 2014 WL 1304725, *5 (E.D. Mich., March 28, 2014), regarding Michigan's fraudulent concealment statute:

> [t]he question of whether a plaintiff has sufficient knowledge to bring a claim is not based on "whether the plaintiff has knowledge of sufficient facts to prevail on a claim, but whether the plaintiff has knowledge of sufficient facts to cause a reasonable person to pursue an investigation that could uncover the evidence needed to lead to an ultimate victory."

*Id*. (quoting *Moll v. Abbott Laboratories*, 444 Mich. 1, 21 n. 25 (1993); *see also McNaughten v. Rockford State Bank*, 261 Mich. 265, 269 (1933) ("'[A] plaintiff cannot excuse his delay in instituting suit on the ground of fraudulent concealment of his cause of action if his failure to discover is attributable to his own neglect.'")

Upon the release of *Cold Fact*, Old Gomba and Balk had more than enough facts to "'cause a reasonable person to pursue an investigation….'" *Estate of Abdullah*, 2014 WL 1304725 at *5. However, as the allegations of the Amended Complaint show, they did not diligently investigate whether Old Gomba had a possible cause of action. In fact, they did no more than read the very credits which they now claim were included on *Cold Fact* to conceal Sixto Rodriguez's authorship of the songs. In *Lemson*, 66 Mich. App. at 97, the Michigan Court of Appeals stated with respect to the fraudulent concealment statute that "[a] party will be held to know what he ought to know … by the exercise of ordinary diligence[.]" There is no interpretation of "ordinary diligence" under which Balk's mere review of the *Cold*

23

*Fact* credits as his sole form of "investigation" could be deemed satisfactory.

Old Gomba and Balk had every opportunity at the time *Cold Fact* was released to determine that a possible cause of action existed relating to Old Gomba's alleged rights under the Gomba Agreement. But instead of pursuing these purported rights, or at least a diligent investigation, they did nothing for more than 44 years. Because Old Gomba either discovered or should have discovered its alleged claims well more than 40 years ago, there is no basis for tolling of the applicable statutes of limitation under § 600.5855. The claims alleged in Counts II and III are, therefore, time-barred.

There is more, however. The *Cold Fact* album was reissued in 2008 by Seattle-based record company Light in the Attic. (**Exhibit 4**.) The album was, and remains, widely available for purchase through many major internet outlets, including Amazon. *Id*. The back cover of the Reissue clearly states:

All songs by Sixto Rodriguez
Except (5, 10) by Gary Harvey, Mike Theodore & Dennis Coffey
All songs published by Interior Music (BMI)
Licensed courtesy of Hey Day Entertainment, LLC
Originally Released on Sussex Records, March 1970 as SXBS7000

Thus, Sixto Rodriguez is clearly identified as the author of all but two of the *Cold Fact* songs appearing on the original issue of March 1970.[7] The identification of Sixto Rodriguez as the author of the songs was directly contrary to the identification

---

[7] As the *Cold Fact* album is the most central item to the Amended Complaint, and Plaintiff attaches as an exhibit the label to the first printing, the Court should be entitled to review subsequent editions of that identical album as to the information contained thereon.

of Jesus Rodriguez (or other entities) as the author of the songs on the 1970 *Cold Fact* release.  (Cf. Exhibit 4 with Am. Comp. Exhibit B.)  This information – widely available in the public domain in 2008 – was more than enough to once again place Gomba on notice of a duty to inquire as to potential causes of action, <u>six years before it ultimately filed suit,</u> which is all that is required to trigger the two-year limitations period under § 600.5855.  Thus, Gomba received more than ample notice of the possible existence of the claims alleged in Counts II and III on several occasions more than two years before it filed suit.  Accordingly, those claims are time barred.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants request that the Court enter an order dismissing the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Date:  July 11, 2014                    Respectfully submitted,

                            By:     /s/ Peter M. Falkenstein
                                    Peter M. Falkenstein (P61375)
                                    David S. McDaniel (P56994)
                                    JAFFE RAITT HEUER & WEISS, PC
                                    201 S. Main St., Suite 300
                                    Ann Arbor, Michigan 38104
                                    (734) 222-4776
                                    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I CERTIFY that on July 11, 2014, I filed a copy of the foregoing pleading via the ECF system, which will provide electronic notice of the filing to all attorneys of record in this matter.

Date:  July 11, 2014   /s/ Jacqueline D. Delevie
                                        Jacqueline D. Delevie